United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REALTY INCOME 9 PROPERTIES, LLC, § *et al.*, § § Plaintiffs, § VS. § OHK GLOBAL, INC., *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:24-CV-2269 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Plaintiffs Realty Income Properties 9, LLC ("RIP") and MDC Coast 7, LLC ("MDC") (collectively "Realty Income"). Realty Income's motion for summary judgment (Dkt. 36) is **GRANTED**. Defendants' motion for additional discovery under Federal Rule of Civil Procedure 56(d) (Dkt. 42) is **DENIED**.

The Court will enter a final judgment in favor of Realty Income for $19,714,474.20. However, the Court will not assess attorney's fees against Defendants at this time because Realty Income has not provided sufficiently specific billing records. Realty Income may seek attorney's fees post-judgment under Federal Rule of Civil Procedure 54.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Realty Income has sued Defendant OHK Global Inc. ("OHK") for breach of six lease agreements ("the leases") covering 44 properties ("the properties") and has sued Defendant Obaid Uddin ("Uddin") for breach of related guaranty agreements ("the

guaranties").[1] (Dkt. 1 at pp. 3–10). Realty Income has presented summary judgment evidence showing that OHK has not made a lease payment since January of 2024 and that Uddin has not paid Realty Income under the guaranties. (Dkt. 38 at pp. 5, 7). Moreover, OHK clandestinely subleased many of the properties, a fact that Realty Income only learned after it began to pursue legal recourse. (Dkt. 38 at p. 6).

Under the leases, failure by OHK to pay rent constitutes a default, as does subleasing the properties without Realty Income's written consent. (Dkt. 38-1 at pp. 25, 27). In the event of default, Realty Income may pursue an action against OHK to recover unpaid rent, interest on unpaid rent, costs associated with OHK's default, and related attorney's fees. (Dkt. 38-1 at pp. 28–30, 35–36). Under the guaranties, Uddin is independently liable as a primary obligor for "rent and all other amounts due under or required to be made under" the leases. (Dkt. 38 at p. 7; Dkt. 38-2 at p. 3). In the event of OHK's default on the leases, the guaranties require Uddin to pay Realty Income all amounts due under the leases, and the guaranties allow Realty Income to pursue a separate action against Uddin if he fails to rectify OHK's default. (Dkt. 38 at p. 7; Dkt. 38-2 at p. 5).

Realty Income has presented summary judgment evidence showing that it initiated eviction proceedings in Texas state court for all 44 properties after OHK refused to vacate

---

[1] Realty Income has pled, in the alternative, a claim for unjust enrichment. (Dkt. 1 at p. 11). The Court is granting Realty Income's motion for summary judgment on its claims for breach of contract, so there is no need to discuss the claim for unjust enrichment. The Court will accordingly consider the unjust enrichment claim voluntarily withdrawn. *See Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (explaining that recovery for unjust enrichment is generally unavailable when the parties have a valid, express contract covering the subject matter of their dispute).

the properties. (Dkt. 38 at p. 6). Furthermore, Realty Income incurred inspection, repair, and security costs when it took possession of the properties from OHK and began looking for replacement tenants. (Dkt. 38 at p. 7). Realty Income's evidence shows that OHK owes it $14,960,253.59 in back rent; $1,412,006.71 in inspection and security costs; and $3,342,213.90 in repair costs. (Dkt. 38 at p. 7; Dkt. 38-21 at p. 10). Realty Income also seeks $626,112.69 in attorney's fees. (Dkt. 38 at p. 7).

In opposing Realty Income's motion for summary judgment, OHK and Uddin make two arguments. First, OHK and Uddin contend that MDC lacks capacity to sue because it forfeited its right to operate in Texas by failing to pay its franchise taxes. (Dkt. 41 at pp. 2–3). Second, OHK and Uddin contend that RIP and MDC "are not record owners of the properties on which they claim non-payment of rent[.]" (Dkt. 41 at pp. 3–5). OHK and Uddin also request additional time to propound discovery under Federal Rule of Civil Procedure 56(d). (Dkt. 42).

The Court will grant Realty Income's motion for summary judgment on its claims for breach of the leases and the guaranties.

## II. SUMMARY JUDGMENTS

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant will carry the burden of proof at trial, as is the case when the movant is either the plaintiff or a defendant asserting an affirmative defense, then

the movant must carry its initial burden under Rule 56 by establishing beyond peradventure all of the essential elements of its claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue of material fact. *Am. Eagle Airlines, Inc. v.*

*Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). And Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### III. ANALYSIS

On this record, Realty Income is entitled to judgment as a matter of law on its claims for breach of the leases and the guaranties.

#### a. Breach of the leases

On this record, Realty Income is entitled to summary judgment on its claims against OHK for breach of the leases.

—*Realty Income's contentions*

In order to prevail on its claims for breach of the leases, Realty Income must satisfy four elements: (1) a valid contract; (2) Realty Income's performance; (3) OHK's breach; and (4) resulting damages. *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 993 (5th Cir. 2019). "To determine the meaning of contractual terms, Texas courts focus on the parties' intentions as expressed in the contract itself." *Id.* The Court begins its analysis with the contract's express language. *El Paso Field Services, L.P. v. MasTec North America, Inc.*, 389 S.W.3d 802, 805–06 (Tex. 2012). If the Court determines that the contract's

language can be given a certain or definite legal meaning or interpretation, then the contract is not ambiguous and the Court will construe it as a matter of law. *Id.* at 806.

Realty Income has presented competent summary judgment evidence establishing beyond peradventure all of the elements of its claims for breach of the leases. Realty Income's evidence shows that it entered into lease agreements with OHK that required OHK to make monthly rent payments and further required OHK to obtain OHK's written consent before subleasing any of the leased properties. (Dkt. 38 at pp. 4, 6; Dkt. 38-1 at pp. 9, 25). Realty Income's evidence also establishes that OHK has not made a lease payment since January of 2024 and secretly subleased many of the properties. (Dkt. 38 at p. 5–7). Finally, Realty Income has presented competent summary judgment evidence showing that OHK owes it $14,960,253.59 in back rent; $1,412,006.71 in inspection and security costs; and $3,342,213.90 in repair costs. (Dkt. 38 at p. 7; Dkt. 38-21 at p. 10). Realty Income's evidence satisfies beyond peradventure every element of its claims for breach of the leases.

—*OHK's contentions*

OHK does not meaningfully contest Realty Income's evidence of nonpayment and clandestine subleasing. Instead, OHK attempts to manufacture triable fact issues regarding MDC's capacity to sue and who holds title to the leased properties. The Court finds OHK's efforts unconvincing.

i. MDC's capacity to sue

First, OHK contends that MDC lacks capacity to sue because it forfeited its right to operate in Texas by failing to pay its franchise taxes. (Dkt. 41 at pp. 2–3). The Court disagrees.

Federal Rule of Civil Procedure 17(b)(3) provides, with irrelevant exceptions, "that capacity for an LLC to sue or be sued is determined by the law of the state where the court is located." *Fill It Up, LLC v. MS LZ Delta, LLC*, 342 F. Supp. 3d 707, 719 (N.D. Miss. 2018) (quotation marks omitted); *see also Marshall Feature Recognition, LLC v. Pepsi-Cola Co.*, No. 6:12-CV-956, 2015 WL 5912672, at *1 (E.D. Tex. Sept. 28, 2015); *Brook-Hollow Capital, LLC v. Garcia Law Group, PLLC*, No. 7:24-CV-466, 2026 WL 482886, at *7 (S.D. Tex. Feb. 20, 2026). Under Texas law, the state Comptroller of Public Accounts may forfeit an LLC's right to operate in Texas if the LLC does not pay its franchise taxes. *Marshall Feature*, 2015 WL 5912672 at *1. Loss of the right to operate strips the LLC of its right to sue or defend in a Texas court. *Id.* at *2. However, the LLC may regain its right to sue or defend in Texas courts by paying its delinquent taxes, and the reinstatement of the LLC's right to sue or defend has retroactive effect. *Id.* Accordingly, when an LLC pays its delinquent taxes and revives its right to operate in Texas, "the [LLC] may sue or defend all causes of action, regardless of whether such causes of action arose before or during the period of forfeiture." *Id.* (quotation marks omitted); *see also Manning v. Enbridge Pipelines (E. Tex.) L.P.*, 345 S.W.3d 718, 723 (Tex. App.—Beaumont 2011, pet. denied) ("Because its right to transact business was restored, Enbridge's temporary lack of capacity is moot.").

In making its argument regarding MDC's capacity to sue, OHK relies on a printout from the website of the Texas Comptroller of Public Accounts listing MDC's right to transact business in Texas as "forfeited." (Dkt. 41-2). Below is the relevant portion of the printout cited by OHK:

| | |
|---|---|
| | **MDC COAST 7, LLC** |
| Texas Taxpayer Number | 32064847893 |
| Mailing Address | 211 E 7TH ST AUSTIN, TX 78701-3334 |
| ❓ Right to Transact Business in Texas | FORFEITED <br> File missing reports, information reports and/or payments |
| State of Formation | DE |
| Effective SOS Registration Date | 09/15/2017 |
| Texas SOS File Number | 0802815125 |
| Registered Agent Name | CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO |
| Registered Office Street Address | 211 E. 7TH STREET AUSTIN, TX 78701 |

Dkt. 41-2.

But even assuming its authenticity, OHK's printout indicates that it was printed on August 28, 2024:

| | |
|---|---|
| | **MDC COAST 7, LLC** |
| Texas Taxpayer Number | 32064847893 |
| Mailing Address | 211 E 7TH ST AUSTIN, TX 78701-3334 |
| ❷ Right to Transact Business in Texas | FORFEITED<br>File missing reports, information reports and/or payments |
| State of Formation | DE |
| Effective SOS Registration Date | 09/15/2017 |
| Texas SOS File Number | 0802815125 |
| Registered Agent Name | CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO |
| Registered Office Street Address | 211 E. 7TH STREET AUSTIN, TX 78701 |

8/28/2024, 2:00 PM

Dkt. 41-2.

And the Court takes judicial notice that, when accessed now, the website of the Texas Comptroller of Public Accounts lists MDC's right to transact business in Texas as "active," as can be seen in this screenshot:

| MDC COAST 7, LLC | |
|---|---|
| Texas Taxpayer Number: | 32064847893 |
| Mailing Address: | 11995 EL CAMINO REAL<br>SAN DIEGO, CA 92130 - 2539 |
| Right to Transact Business in Texas: | ACTIVE |
| State of Formation: | DE |
| SOS Registration Status (SOS status updated each business day): | ACTIVE |
| Effective SOS Registration Date: | 09/15/2017 |
| Texas SOS File Number: | 0802815125 |
| Registered Agent Name: | CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO |
| Registered Office Street Address: | 211 E. 7TH STREET<br>AUSTIN, TX 78701 |

https://comptroller.texas.gov/taxes/franchise/account-status/search/32064847893 *Accessed on February 25, 2026.*

Even assuming that the Texas Comptroller of Public Accounts forfeited MDC's right to operate in Texas in 2024, the Comptroller's website now indicates that MDC has revived its right to operate in the state. Accordingly, MDC "may sue or defend all causes of action, regardless of whether such causes of action arose before or during the period of forfeiture." *Marshall Feature*, 2015 WL 5912672 at *2; *see also Manning*, 345 S.W.3d at 723. OHK's challenge to MDC's capacity to sue fails as a matter of law.

    ii.    <u>Title to the properties</u>

Second, OHK contends that RIP and MDC "are not record owners of the properties on which they claim non-payment of rent[.]" (Dkt. 41 at pp. 3–5). The Court again disagrees.

OHK only presents summary judgment evidence regarding one property, a convenience store and service station located at 5634 Spring Stuebner Road in Spring, Texas ("the Stuebner property"). Although OHK's argument is not entirely clear, it appears that OHK is relying on printouts from the website of the Harris County Appraisal District to show that the owners of the Stuebner property are actually two nonparties to this litigation, Angel Aria Inc. and Angel Roshan Inc. ("the Angel entities"):

| Owner and Property Information | | | |
|---|---|---|---|
| Owner Name & Mailing Address: | ANGEL ARIA INC<br>ANGEL ROSHAN INC<br>6923 VANESSA<br>SPRING TX 77389- | Legal Description: | TRS 21 & 21F<br>(4,741 SQ FT EASEMENT)<br>ABST 280 L GOSLING |
| | | Property Address: | 5634 SPRING STUEBNER RD<br>SPRING TX 77389 |

Dkt. 41-5 at p. 1.

But as was the case with its evidence regarding MDC's capacity to sue, OHK is again citing outdated printouts. The Court takes judicial notice that, when accessed now, the website of the Harris County Appraisal District lists RIP as the current owner of the Stuebner property and further indicates that RIP has owned the Stuebner property since June 6, 2022:





https://search.hcad.org/SearchResults/MjAyNi0wMi0yNVQxNDoyMjo0OCpEQn JpYjdoU2NUL3Y2bDVZQkM0OVUwMVhKQS85bnRrQiozMA== *Accessed on February 25, 2026.*

Deed records that are part of the summary judgment record and subject to judicial notice confirm RIP's ownership of the Stuebner property as of June 6, 2022. Notably, RIP received title to the Stuebner property from OHK itself as part of what was evidently a sale/leaseback arrangement. The deed records show that OHK received title to the Stuebner property from the Angel entities on June 6, 2022 and then immediately transferred title to RIP on that same date. (Dkt. 41-4; Dkt. 44-3). OHK then entered a lease agreement with RIP, also on June 6, 2022, that covered the Stuebner property. (Dkt. 38-3 at pp. 51, 54).

12 / 16

Under longstanding Texas law, title to transferred property vests upon execution and delivery of a deed. *Stephens County Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1974); *see also Matter of Archer*, No. 23-11272, 2024 WL 4730584, at *4–5 (5th Cir. Nov. 10, 2024). When a deed has been filed for record, the recording of the deed establishes a prima facie case of delivery and an accompanying presumption that the grantor intended to convey the land according to the terms of the deed. *Swenson*, 517 S.W.2d at 261–62; *Archer*, 2024 WL 4730584 at *4–5. The summary judgment record shows that OHK itself delivered a deed—and, consequently, conveyed title—to the Stuebner property to RIP on June 6, 2022 and that RIP recorded that deed on June 17, 2022. (Dkt. 44-3). OHK cites no competent summary judgment evidence rebutting the presumption that OHK intended to convey title to the Stuebner property to RIP. Accordingly, on this record, OHK's claim that RIP and MDC "are not record owners of the properties on which they claim non-payment of rent" fails as a matter of law.

Realty Income is entitled to summary judgment on its claims against OHK for breach of the leases.

    b. **Breach of the guaranties**

Realty Income must also satisfy four elements in order to prevail on its claims for breach of the guaranties. "A plaintiff seeking to enforce a guaranty must prove: (1) the existence and ownership of the guaranty agreement; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor." *Mae v. U.S. Property Solutions, LLC*, No. 4:08-CV-3588, 2011 WL 66161, at *5 (S.D. Tex. Jan. 10, 2011)

(quotation marks omitted). "Courts enforce guaranties according to their terms when those terms are clear and unambiguous." *Id.*

Realty Income's evidence sufficiently establishes all of the necessary elements. The guaranties state that Uddin is independently liable as a primary obligor for "rent and all other amounts due under or required to be made under" the leases. (Dkt. 38 at p. 7; Dkt. 38-2 at p. 3). As discussed above, OHK has defaulted on the leases, triggering Uddin's obligations under the guaranties. Uddin has not paid Realty Income. Accordingly, Realty Income is entitled to summary judgment on its claims against Uddin for breach of the guaranties.

The summary judgment evidence establishes beyond peradventure all of the elements of Realty Income's claims for breach of the leases and the guaranties. Accordingly, Realty Income is entitled to summary judgment on its claims for breach of contract.

### c. Rule 56(d)

OHK and Uddin have filed a motion requesting additional time to propound discovery under Federal Rule of Civil Procedure 56(d). (Dkt. 42).

The Court will deny Defendants' Rule 56(d) motion. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.
> Fed. R. Civ. P. 56(d).

To win relief, a Rule 56(d) movant must show: (1) that additional discovery will create a genuine issue of material fact; and (2) that he or she diligently pursued discovery.

*Bailey v. KS Management Services, L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022). The Rule 56(d) movant "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Smith v. Regional Transit Authority*, 827 F.3d 412, 423 (5th Cir. 2016) (quotation marks omitted).

Defendants have made no showing that they diligently pursued discovery or that additional discovery would create a triable fact issue. The docket in this case reflects that Realty Income filed its motion for summary judgment a year after it filed its complaint; and, in their Rule 56(d) motion, Defendants do not describe any efforts they made to obtain discovery during that year. (Dkt. 1; Dkt. 36; Dkt. 42). Moreover, Defendants have "failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Id.* Defendants' Rule 56(d) motion does not explain what documents they need or what those documents will prove. Instead, Defendants' allegations amount to "vague assertions that discovery will produce needed, but unspecified, facts[;]" and those allegations are accordingly insufficient to obtain relief under Rule 56(d). *Id.* Defendants' Rule 56(d) motion is denied.

### IV. CONCLUSION

The motion for summary judgment filed by Plaintiffs Realty Income Properties 9, LLC and MDC Coast 7, LLC (Dkt. 36) is **GRANTED**. The Court will grant summary judgment on Plaintiffs' claims for breach of contract. Plaintiffs' claims for unjust enrichment, which were pled in the alternative, are considered voluntarily withdrawn. Defendants' motion for additional discovery under Federal Rule of Civil Procedure 56(d) (Dkt. 42) is **DENIED**.

The Court will enter a final judgment in favor of Plaintiffs for $19,714,474.20. However, the Court will not assess attorney's fees against Defendants at this time. Plaintiffs may seek attorney's fees post-judgment under Federal Rule of Civil Procedure 54.

SIGNED at Houston, Texas, on _____February 27_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE